PER CURIAM.
Emmanuel Velazquez appeals from the denial of his postconviction motion alleging ineffective assistance of counsel. He challenges the summary denial of six claims and the denial after evidentiary hearing of three more claims. We affirm as to all *527 issues without elaboration, except for the summary denial of Velazquez’s Ground Three, which is addressed below.
Velazquez was convicted as charged of the armed robbery of a Taco Bell on Colonial Drive in Orlando, Florida.[1] The State’s case was based largely on two Taco Bell employees, who identified the disguised robber as Velazquez, in part, because they asserted that he had previously worked at that particular Taco Bell. In Ground Three, Velazquez alleged that his attorney failed to present evidence that he never worked at the Taco Bell that was robbed, despite having personnel records showing that he worked at a different Taco Bell. He claimed that if his counsel could have established that Velazquez never worked at the Colonial Drive Taco Bell, this evidence would have significantly undermined the State’s identification testimony. The trial court summarily denied the claim as conclusively refuted by the record, with reference to the trial testimony of an employee from the Human Resources Department at Oasis Outsourcing, which handled payroll for Taco Bell. The cited testimony, however, is ambiguous, and does not conclusively refute the claim. As such, we reverse the summary denial of Velazquez’s Ground Three and remand with instructions that the trial court either attach portions of the record that conclusively refute Ground Three or grant an evidentiary hearing as to the claim. See, e.g., McLin v. State, 827 So.2d 948, 954 (Fla.2002) (“To uphold the trial court’s summary denial of claims raised in a 8.850 motion, the claims must be either facially invalid or conclusively refuted by the record.”). We affirm the trial court’s denial order in all other respects.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
LAWSON, COHEN and LAMBERT, JJ., concur.

. After the jury returned its verdict on the robbery charge, Velazquez pled no contest to a severed charge of possession of a firearm by a convicted felon. Velazquez raised no post-conviction claim relating to the firearm conviction or sentence.